In re **FLORIDA CONSUMER'S FURNITURE WAREHOUSE, INC.,** and **Designers Furniture Warehouse, Inc., Debtors.**

**Irving E. GENNET, Trustee, Plaintiff,**

v.

**ORIENTAL RUG AGENCY, INC. a Florida Corporation, Defendant.**

**Bankruptcy Nos. 80–01161–BKC–TCB, 80–01169–BKC–TCB.**
**Adv. No. 80–0356–BKC–TCB.**

United States Bankruptcy Court, S. D. Florida.

Jan. 28, 1981.

8

Basil L. Diamond, West Palm Beach, Fla., Walton, Lantaff, Schroeder & Carson, West Palm Beach, Fla., for defendant.

Daniel L. Bakst, West Palm Beach, Fla., for plaintiff/trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee has filed a complaint to avoid a post-petition transfer under the provisions of 11 U.S.C. § 549 and to recover for the estate either the transferred property or its equivalent value under 11 U.S.C. § 550. Defendant has answered (C.P. No. 4) The matter was tried on January 6, 1981. This order is a memorandum of decision under Bankruptcy Rule 752(a).

The facts are largely undisputed. Defendant, a wholesaler of oriental rugs, set up an oriental rug department in the debtor's store, consigning rugs to the store for resale. From June 16 to August 22, 1980, defendant delivered approximately 76 rugs to the debtors' store.

The parties' agreement was oral. They agreed that the debtor could set the resale price of a rug and would be responsible for payment of sales tax. Debtor agreed to forward payment for the invoiced cost of each rug as it was sold. Defendant reserved the right to periodically inventory the rugs in the debtors' store. In accordance with their agreement, the debtor paid the defendant a total of $10,102 for 16 rugs that were sold.

The debtor filed separate petitions under chapter 11 on September 11 and 15, 1980. On October 20, this case was converted to chapter 7. An order consolidating the two cases was entered on October 24. (C.P. No. 21)

Defendant first learned of the bankruptcy proceeding on September 29, and on the next day removed all the rugs then remaining in the debtors' store.

Section 549(a) provides in pertinent part that:

"... the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2) ...

(B) that is not authorized under this title or by the court."

Defendant argues that since the transfer occurred during the chapter 11 proceeding but before the conversion to chapter 7, it was not a post-petition transfer with respect to these chapter 7 debtors. Conversion of a case does not affect the filing date of the petition nor the commencement of a case. 11 U.S.C. § 348(a). This argument is, therefore, rejected.

Defendant also argues that since these rugs were delivered on consignment, title to the rugs never vested in the debtor but remained in the defendant and that, therefore, the trustee does not have title to this property as "property of the estate."

Section 544 confers on the trustee as of the filing of the petition of the status of an ideal creditor, possessed with every right and power that state law confers on its most favored creditor who has acquired a lien by legal or equitable proceedings. 4 *Collier on Bankruptcy* (15th ed.) ¶ 544.02.

As defined by § 2–326 of the U.C.C., § 672.326(2) and (3), Florida Statutes, goods delivered primarily for resale, as were the rugs in this instance, are deemed to be "on sale or return." As long as the goods remain in the consignee's possession, they remain subject to the consignee's possession, unless the consignor complies with the filing provisions of Chapter 679 of the Florida Statutes. Section 679.9–302, Florida Statutes, requires filing in order to perfect a consignment. It is conceded that no financing statement was filed by the defendant with respect to this transaction. Therefore, the defendant has an unperfected security interest in the rugs. An unperfected security interest is subordinate to the rights of a lien creditor, which is defined to include a trustee in bankruptcy from the date of the filing of the petition. § 679.9–301(3), Florida Statutes. Therefore, the trustee's interest in the rugs as of September, 1980, when they were in the possession of the debtor, primes the interest of the defendant.

Defendant's removal of the rugs 15 days after the petition was filed was not authorized by the Code or by this Court and, was, therefore prohibited by § 362 which stays any act to obtain possession of property of or from the estate.

It is clear, therefore, that the trustee may avoid the transfer under 11 U.S.C. § 549.

Defendant has argued that the goods were consigned to a principal of the debtors rather than to the debtors. I reject the contention because defendant consistently treated the principal and the business as a single entity.

Defendant has also contended that the rugs were owned by his brother, not him, and were merely consigned to him. If so, the brother lost his title by failing to record his interest when he delivered possession to defendant.

It follows that the trustee is entitled to judgment against the defendant to recover forthwith the rugs which were removed if the parties can agree on the identification of those rugs without delay. If not, plaintiff shall recover their equivalent cash value, which is $48,194.