In the Matter of NEW YORK DIAMOND
AND JEWELRY EXCHANGE,
INC., Debtor.

Ronaly YUGORSKY, Plaintiff,

v.

NEW YORK DIAMOND AND JEWELRY
EXCHANGE, INC., City National Bank
of Miami, and William Roemelmeyer,
Trustee, Defendants.

Bankruptcy No. 82–01061–BKC–SMW.
Adv. No. 82–0716–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Dec. 2, 1982.

Irving M. Wolff, Holland & Knight, Miami, Fla., for Defendant Trustee.

Jerry Kahn, Miami Beach, Fla., for the plaintiff.

Broad & Cassel, Bay Harbor Islands, Fla., for City National Bank of Miami.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause came on for trial on October 26, 1982 on the adversary complaint filed by the Plaintiff, RONALY YUGORSKY, wherein the Plaintiff sought recovery from the Trustee of a 1.5 carat round brilliant loose diamond deposited with the Debtor for sale on consignment prior to the commencement of these proceedings. The Defendants Trustee and CITY NATIONAL BANK OF MIAMI (Bank) filed answers; the Debtor did not respond.

The Trustee denied that he had in his care and custody the said diamond and further denied that the same was turned over to the Trustee by the Debtor. The Trustee further defended on the basis that the transaction between the Plaintiff and the Debtor prior to the commencement of these proceedings was an unperfected security interest and therefore the Plaintiff could not recover from the estate or the Trustee.

The Defendant Bank filed its answer denying the allegations of the complaint, and by its affirmative defenses alleged that it was a fully secured creditor, having perfected its security interest in accordance with the applicable provisions of the Florida Statutes. The Defendant Bank further claimed that its rights to the collateral were superior to the Plaintiff's claim in the collateral. The Bank also filed a Counterclaim, claiming that if the Trustee did have the said diamond in his possession, it constituted a portion of the collateral subject to the Bank's perfected security interest, which claim was superior to the Trustee and the Plaintiff.

The Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the pleadings and argument of counsel, and being otherwise fully advised, does hereby make the following:

## FINDINGS OF FACT

1. That prior to the commencement of these proceedings the Plaintiff left a 1.5 carat round brilliant loose diamond with the Debtor.

2. At the time the said diamond was deposited with the Debtor, the Debtor executed a memorandum describing the diamond and evaluating it at $9,000. The memorandum further indicated that the Debtor accepted the diamond as consigned merchandise for resale for the account of the Plaintiff.

3. The Plaintiff did not perfect its security interest in the diamond by filing with the Secretary of State of Florida a financing statement, in accordance with *F.S.A. Sec. 672.326, 679.302 and 679.114.*

4. The Plaintiff failed to establish that the Debtor was generally known by its creditors to be substantially engaged in the sale of the goods of others. The evidence before this Court indicated that the Plaintiff knew that the Debtor intermittently accepted consigned merchandise to be sold for and on account of the consignor.

## CONCLUSIONS OF LAW

5. It is a basic premise of the law that where a party seeks to recover assets in the custody of a trustee which are the property of a bankrupt estate, said party has the burden of proving that the trustee does have the assets in his possession.

6. The Plaintiff failed as a matter of law to discharge the burden of proof that it held a perfected security interest in the diamond and that the Trustee had possession of the diamond at the time of his appointment in these proceedings and at the time of the commencement of these adversary proceedings subsequent to the conversion of the Chapter 11 proceedings to Chapter 7 liquidation.

7. The burden of proof is upon the consignor to prove by a preponderance of the evidence that a debtor was generally known by his creditors to be substantially engaged in the sale of goods of others and therefore it was not necessary for the creditor to file a financing statement. *F.S.A.*

Sec. 672.326(3), 679.114; *In re Florida Consumer's Furniture Warehouse*, 9 B.R. 7 (S.D.Fla.1981); *In re Chimneys, Chimes 'N Chairs, Inc.*, 17 B.R. 776 (N.D.Ohio 1982).

■ 8. By application of the foregoing law and legal principles, the Plaintiff has an unperfected security interest in the diamond, subject to the Trustee's rights. The Defendant Bank has a perfected security interest. Assuming that the Trustee had possession of the said diamond and it constituted an asset of the estate at all times relevant since the commencement of the bankruptcy proceedings and this adversary proceeding, the Bank would have had a perfected priority claim superior to the rights of the Plaintiff and the Trustee. However, since the Trustee did not have the diamond among the assets of the estate, it therefore follows that the Defendant Trustee is entitled to judgment against the Plaintiff. The Court need not concern itself with the rights of the Defendant Bank.

As is required by *Bankruptcy Rule 921(a)*, a separate judgment will be entered, dismissing the complaint with prejudice.