In re The DENMARK COMPANY, INC., Debtor.

Daniel L. BAKST, Trustee, Plaintiff,

v.

WHEELER OIL COMPANY, INC., Defendant.

Bankruptcy No. 86–00309–BKC–TCB.

Adv. No. 87–0076–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

April 3, 1987.

Leslie Gern Cloyd, West Palm Beach, Fla., for plaintiff.

Elizabeth Wilkins, Boca Raton, Fla., for defendant.

Daniel L. Bakst, trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The plaintiff/trustee seeks recovery under 11 U.S.C. §§ 547(b) and 550(a) of $11,365 as the value of bulk gasoline transferred to defendant three weeks before bankruptcy. The defendant has answered, asserting the affirmative defense that the gasoline had been consigned by it to the debtor and, therefore, was not the debtor's property. The matter was tried on March 24. I conclude that the trustee is entitled to recover $7,913.

It is undisputed that defendant was a creditor owed $13,228 on account of an antecedent debt before the transfer. Without prior notice and between 1:00 and 3:00 a.m. on January 14, 1986, the defendant's tank truck removed 8,125 gallons of gasoline from the underground tanks at the debtor's place of business, leaving an invoice on the door crediting the debtor's antecedent debt with the wholesale value of the gasoline removed by the defendant. (Trustee's Exhibit D). This credit memorandum was corrected by reducing the credit given for 2,930 gallons which proved to be unleaded regular rather than unleaded premium gasoline. The corrected credit memorandum valued the gasoline removed at $8,030. The credit memo deducted from that sum $540 as charges for the four hours' time of its tank truck in removing the gasoline. This transfer took place within 90 days before bankruptcy, which occurred February 6, 1986.

■ The assets of this debtor ($8,339) do not equal the priority claims ($32,459), therefore, unless defendant has a perfected security interest or can prevail on its affirmative defense, the transfer has enabled the defendant to receive more than it would receive under a chapter 7 liquidation.[1] Defendant failed to perfect any security interest in the gasoline, therefore, it is not a secured creditor.

■ It follows that unless defendant has substantiated its affirmative defense, plaintiff has proved each of the five elements necessary to recovery under §§ 547(b) and 550(a)(1) of the sum of $7,913. I agree with the trustee that there is no basis to deduct anything for the time spent by the defendant in extracting and removing the gasoline.

## The Affirmative Defense

If title to the gasoline never passed from the defendant to the debtor, as is contended by the defendant, the removal of the gasoline does not constitute a "transfer of an interest of the debtor in property" and, therefore, is not recoverable by the trustee as a preference.

■ The invoice left on the debtor's door the night of January 14 indicates an outright sale of the gasoline and contains no suggestion of a consignment sale. However, the testimony before me by the defendant's president and his wife is uncontradicted that a consignment contract existed between the parties. That contract has not been produced and defendant suggests that the contract was lost when defendant's records were seized by a law enforcement agency and only partially returned.

---

1. I take judicial notice of the bankruptcy file in this debtor's case, which reflects these figures.

The U.C.C. statute of frauds section, 2–201 (*Fla.Stat.* § 672.201) requires the production of a written consignment agreement, signed by the buyer. However, the trustee did not plead the statute of frauds nor object to the parole evidence, and I find from this evidence that a consignment agreement did in fact exist. However, as explained below, that agreement did not protect defendant because defendant has failed to meet any of the three conditions imposed by U.C.C. § 2–326(3).

State law is dispositive in deciding whether title passed to the debtor under the consignment contract and U.C.C. § 2–326 (*Fla.Stat.* § 672.326) is controlling in this instance. This section provides that goods held on "sale or return" (consignment) are subject to the claims of creditors while the goods are in the buyer's possession if the buyer deals in goods of the kind involved, under a name other than the name of the person who delivered the goods unless the person making delivery:

"(a) Complies with an applicable law providing for a consignor's interest or the like to be evidenced by a sign, or

(b) Establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others, or

(c) Complies with the filing provisions of the chapter on secured transactions (chapter 679)."

This debtor sold gasoline and operated under its own name rather than the name of the defendant. There is no Florida statute regarding the display of a sign which would protect the rights of the consignor. The defendant has failed to prove compliance with the filing provisions of chapter 679 and has offered no evidence that debtor is generally known by its creditors to be substantially engaged in selling the goods of others.

Defendant asks that judicial notice be taken of the fact that the sale of gasoline under the Texaco sign by this debtor supports the inference that title to the gasoline sold was in some entity other than the debtor and that this inferred fact was generally known by the debtor's creditors. I disagree with defendant and am unable to supply these factual findings by judicial notice. Indeed, the evidence in this case is that much if not all of the gasoline removed by the defendant had in fact been purchased by the debtor from other suppliers who furnished several brands of gasoline. The debtor had been purchasing from others for at least nine months before the transfer in question here. Because the gasoline was commingled, it is impossible to determine what part, if any, of the gasoline removed had originally been supplied by defendant. There is no evidence as to the contractual arrangements between the debtor and its other suppliers.

It follows that defendant has failed to carry its burden of establishing its affirmative defense. *Yugorsky v. New York Diamond and Jewelry Exchange, Inc. (In re New York Diamond and Jewelry Exchange, Inc.)* 26 B.R. 32, 33 (Bankr.S.D.Fla. 1982).

As is required by B.R. 9021(a), a separate judgment will be entered for the trustee against the defendant in the amount of $7,913. Costs may be taxed on motion.