In re Samuel Joseph STOVER, Marsha Yvonne Stover, a/k/a S/L Mobile Homes, Debtors.

Preston KELLY, Jr., Plaintiff,

v.

Samuel Joseph STOVER, Marsha Yvonne Stover, a/k/a S/L Mobile Homes, Defendants.

Bankruptcy No. 87–06222–8B7.
Adv. No. 88–487.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 30, 1989.

Joseph G. Hern, Jr., Wendel, Chritton & Parks, Lakeland, Fla., for plaintiff.

Jack H. Weech, Jr., Lakeland, Fla., for defendants.

## ORDER ON MOTIONS FOR SUMMARY FINAL JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matters under consideration are two Motions for Summary Judgment, one filed by Preston Kelly, Jr., the Plaintiff (Kelly) and one filed by the Defendants, Samuel Joseph Stover, and Marsha Yvonne Stover, a/k/a S/L Mobile Homes, (Debtors). The Motions are filed in an adversary proceeding filed by Kelly who seeks the determination that the debt allegedly owed by the Debtors is non-dischargeable by virtue of § 523(a)(3) of the Bankruptcy Code. Both parties agree that the facts are without dispute with some slight exception, which is not really relevant, and each contends they are entitled to a disposition of this matter in their respective favor as a matter of law.

The record reveals the following undisputed facts. The original petition was filed by the Debtors on November 16, 1987. The schedules submitted by the Debtors together with their petition did not schedule the Plaintiff as a creditor. The Notice of Filing and the Notice for Meeting of Creditors which also included a Notice of the Bar Date to file Complaints pursuant to Section 523(a)(4), (6) was also included in the Notice. The Notice was what is commonly referred to as a "No Dividend Notice" authorized by Bankruptcy Rule 2002(e). This Rule permits the Court in a Chapter 7 liquidation case to include a statement in the Notice to the effect that because there appear to be no assets it is unnecessary to file claims and if later on assets are discovered, the Creditor will be given a Notice and will be given the opportunity to file claims.

On March 3, 1988, the Debtors received their Discharge, and the Trustee having filed his report of no distribution, on December 22, 1987, the Final Decree was entered and the case was closed.

In June, 1988, or several months after the entry of the Discharge, the Plaintiff filed a suit in the State Court against the Debtor. The suit in the State Court consists of two Counts. In Count I the Plaintiff sought recovery of damages based on an alleged breach of a contract by the Debtor. This alleged breach was based on the failure of the Defendant to timely and in a reasonable workmanlike manner, perform the contract which involved the setting up of a manufactured home. In Count II the Plaintiff sought damages based on negligence in performing the same contract.

In due course the Defendant filed his answer in the State Court and asserted his discharge in this Court as a defense. He also filed in this court a Motion to reopen the closed case. On October 24, 1988, this

Court granted the Motion. The case was reopened for the purpose of permitting the Defendants to amend their Schedule A–3. The amendment was filed which for the first time scheduled the Plaintiff as a potential creditor. There is no dispute that the Plaintiff did not receive a notice in time to file a proof of claim nor in time to file a complaint pursuant to Section 523(c) of the Bankruptcy Code.

The motion of the Debtors is accompanied by an Affidavit of the husband in which he states that it was his understanding that this matter was resolved in the litigation originally instituted by the Debtor who attempted to collect monies allegedly due and owing to him for the work performed. In the suit filed by the Debtor his claim was asserted against a party other than the Plaintiff who filed a Counterclaim against the Debtor and ultimately prevailed on this Counterclaim and the Debtor was unable to recover the monies due and owing to him for work performed setting up the trailer. The Debtor further states in his affidavit that he was unaware of any possible claim against him by this Plaintiff and the first he learned of it was when he was sued in State Court several months after he received his discharge.

It is the contention of the Plaintiff that it is undisputed that he was not scheduled in the original schedules; that he did not receive a notice in time to file a proof of claim nor did he receive a notice or acquire actual knowledge of the pendency of a Bankruptcy in time to file Complaint pursuant to Section 523(c) of the Bankruptcy Code, therefore his claim should be excepted from the protection of the general discharge by virtue of Sec. 523(a)(3)(A), (B).

In opposing this proposition the Debtors contend that the fact that the Plaintiff did not receive notice to file a claim in the case is of no consequence simply because this was a no asset case and the right to file a proof of claim in a no asset case is nothing more than an exercise in futility. Neither can the Plaintiff's claim of non-dischargeability prevail on the alternative ground set forth in Section 523(a)(3)(B) simply because

it is without dispute that a plaintiff does not have a claim which could be asserted under Section 523(a)(2), (4) & (6). This is so, according to the Debtor, because the claim of the Plaintiff is based on breach of contract or in the alternative in the negligent performance of a contract both of which claims if established would obviously not be in any of the exceptive provisions of Section 523 of the Bankruptcy Code which provides as follows:

§ 523. **Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

A literal reading of this section of the Code leaves no doubt that the Plaintiff's position is correct since it is without dispute that he did not receive a notice in this case in time to file a proof of claim. The difficulty in relying on this subclause of § 523(a)(3) stems from the fact, as noted earlier, the time to file a claim technically is still open because this case was noticed as a no asset case in which the notice informed parties that pursuant to Bankruptcy Rule 3002(e) it was unnecessary to file proofs of claim. Based on this, the first ground available to obtain a declaration of non-dischargeability under § 523(a)(3)(A) would be eliminated. It is

clear, however, that in a no-asset case, the right to file a proof of claim is a meaningless right and is nothing more than an exercise in futility. However, this conclusion is a grossly unfair oversimplification of the real problem involving the rights of an unscheduled creditor.

First, it is without dispute that because he was not scheduled, he was deprived of the right to attend the meeting of creditors; to examine the Debtor; to nominate and elect a trustee; to conduct further examinations under Bankruptcy Rule 2004 concerning possible assets or matters relevant to the Debtors' right to a discharge, all which are valuable rights, and more importantly, the additional right to challenge the Debtor's right to a discharge in general if the examination of the Debtor would have revealed facts which would have warranted the challenge of the Debtor's right to discharge pursuant to § 727(a). Based on these, the fact that a non-scheduled creditor lost the right to file a claim in a no-asset case such as this case is obviously meaningless and certainly as a matter of practicality, no compensation for the loss of the other rights described above. According to the Plaintiff, under a literal interpretation of § 523(a)(3)(A), a debtor may omit from the schedules all creditors who may challenge his right to discharge, receive a discharge and thereafter amend the schedules and schedule the originally omitted creditors who at that time no longer could meaningfully participate in the administration of the Debtor's estate, and certainly would not have the right to object to the Debtor's discharge unless he is able to seek a revocation of the discharge pursuant to § 727(a)(6) of the Bankruptcy Code.

■ Unfortunately, under the present statutory scheme, this Court is constrained to conclude that the debt allegedly owed to the Plaintiff is dischargeable for the following reasons:

First, this record leaves no doubt that the time to file a Proof of Claim technically is still open. Next, it is equally without doubt that the claim of the Plaintiff, as presented, is not the kind of claim which could be excepted under § 523(a)(2), (4) and (6) of the Bankruptcy Code being nothing more than a claim for damages either based on breach of contract or on negligence. Inasmuch as these are the only two bases under § 523(a)(3) of the Code to except from the discharge a non-scheduled debt, the claim of this Plaintiff of nondischargeability cannot be sustained.

■ This conclusion should not be construed, however, that this Court would be powerless to prevent a fraudulent conduct as described above, that is, a willful and knowing omission from the schedules, a creditor who was either aware of facts which would warrant a denial of discharge under § 727(b) or at least who might have knowledge of sufficient facts which, by further examination and discovery, might reveal the grounds to challenge the Debtor's right to a discharge. Under these circumstances, the non-scheduled creditor may seek a revocation of the discharge pursuant to § 727(d) of the Code on the basis that the discharge was obtained by fraud. Next, this Court, as a Court of equity, would no doubt, not be powerless to consider a claim of nondischargeability pursuant to § 105 of the Bankruptcy Code.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Plaintiff's Motion for Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Defendant's Motion for Summary Judgment be, and the same is hereby, granted.

A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.