**In re John M. PODZAMSKY, Debtor.**

**SUN BANK/NORTH FLORIDA, NATIONAL ASSOCIATION, Plaintiff,**

v.

**John M. PODZAMSKY, Defendant.**

**Bankruptcy No. 90–0072–BKC–3P1.
Adv. No. 90–190.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 4, 1991.

Calvin E. Hayden, Jacksonville, Fla., for plaintiff.

Ronald Bergwerk, Jacksonville, Fla., for defendant.

Valerie Hall Manuel, Jacksonville, Fla., trustee.

Lynne L. England, Tampa, Fla., U.S. Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON DEFENDANT'S MOTION TO DISMISS

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding was heard on November 28, 1990, upon the defendant's motion to dismiss. On the evidence and law presented, the Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. On January 8, 1990, the defendant filed a petition under Chapter 11 of the Bankruptcy Code to reorganize his financial affairs.

2. On January 10, 1990, the Clerk of the Bankruptcy Court, pursuant to Rule 2002 of the Rules of Bankruptcy Procedure gave notice to the debtor, Trustee, creditors and indentured trustees of the meeting of creditors to be held on February 12, 1990, pursuant to § 341 of the Bankruptcy Code. The notice further provided that the "last day for filing a complaint to determine the dischargeability of a particular debt has not yet been set."

3. Subsequent to January 10, 1990, neither the Court nor the Clerk set a date as the last day for filing a complaint to determine the dischargeability of a particular debt.

4. On February 12, 1990, pursuant to § 341 the meeting of creditors was held.

5. On August 13, 1990, plaintiff filed this adversary proceeding against the defendant to determine the dischargeability of a debt pursuant to § 523(a)(2)(A) and (B) of the Bankruptcy Code.

6. In response to the complaint, the defendant filed a motion to dismiss on the grounds that the complaint was time barred. Defendant asserts that according to Bankruptcy Rule 4007(c) a complaint seeking exception to discharge must be filed no later than sixty (60) days after the first date set for the meeting of creditors held pursuant to § 341(a) of the Bankruptcy Code.

### Conclusions of Law

Rule 4007 of the Bankruptcy Rules provides in part in subparagraph (c) that a complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Bankruptcy Code shall be filed not later than sixty (60) days following the first date set for the meeting of creditors held pursuant to § 341(a). The rule further provides that the Court shall give all creditors not less than thirty (30) days notice of the time so fixed in the manner provided in Rule 2002.

The defendant contends that since plaintiff failed to file the complaint to prevent discharge within sixty (60) days following the first date of the meeting of creditors, the complaint is time barred. However, the same rule upon which the defendant relies also provides that the Court shall give all creditors not less than thirty (30) days notice of the time so fixed to file a complaint.

The Court never fixed a bar date to file complaint to determine the dischargeability of a debt. Plaintiff relied upon the Rule 2002 notice sent by the Clerk of the Court and did not file a complaint within sixty (60) days from the date of the meeting of creditors.

The issues raised by the defendant's motion to dismiss should be decided by applying all of Bankruptcy Rule 4007(c) in light of interpretative case law.

In re *Schwartz and Meyers,* 64 B.R. 948 (S.D.N.Y.1986), the Court held that the mandatory notice requirement of Rule 2002 is the "necessary predicate and trigger" to the running of the sixty (60) day limitation period which commences on the date first

set for the meeting of creditors. The Court in *Schwartz* further recognized that a creditor's right to receive all statutory notice of the deadline cannot be denied, especially when it is caused by the failure of the Clerk to transmit appropriate notice.

In applying the *Schwartz* rationale to the facts sub judice, the sixty (60) day period was never "triggered" because the "predicate" thirty (30) days notice of any fixed time was never provided by the Court to any creditors, including plaintiff. This rationale is further supported by the cases of *South Dakota Cement v. Jimco Ready Mix,* 57 B.R. 396 (D.S.D.1986) and *In re Riso,* 57 B.R. 789 (D.N.H.1986), which are cited by the Court in *Schwartz.*

In *South Dakota Cement,* supra, the creditor never received a mandatory notice of a time deadline to file an objection to dischargeability. But, nonetheless, the Court held "that a creditor has a right to assume he will receive all the notices required before his substantive rights are defeated."

Plaintiff as well as all other creditors never received the mandatory thirty (30) day notice required by Bankruptcy Rule 4007(c). They properly assumed that they would receive all such required notice before their substantive rights could be eliminated. It makes little difference that the sixty (60) day period had run before the complaint was filed, if plaintiff's substantive rights are barred solely because of the Court's failure to give proper notice.

In *Riso,* supra, the routine notice sent out to the creditors contained an erroneous date of filing objections after the expiration of the sixty (60) day period. The Court held in *Riso* that reliance by a creditor on the erroneous deadline outweighed any prejudice to the debtor when both are equally innocent. Furthermore, such reliance is clearly reasonable because "the clerk's staff is an integral part of the bankruptcy judicial administrative process...." The Court then granted an extension of time to file an objection based on the Court's inherent equitable power to correct its own mistakes to prevent an injustice.

The substantive rights of plaintiff cannot be defeated because it relied on a notice issued by the Clerk of the Bankruptcy Court that the time within which to file complaints would be set at a later date.

The Court will enter a separate order denying the motion to dismiss.