In re David D. GARZA, Debtor.

David D. GARZA, Plaintiff,

v.

VETERANS ADMINISTRATION,
Defendant.

Bankruptcy No. 89–1698–FKC–3P7.
Adv. No. 91–79.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 18, 1992.

Eugene F. Murphy, Jacksonville, Fla., for plaintiff.

Brian M. Kane, Jacksonville, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon complaint of David D. Garza seeking to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(3). A trial was held on December 18, 1991, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

On December 18, 1991, the parties entered into a Stipulation of Facts as follows:

1. The plaintiff is David D. Garza, an individual debtor, who filed a petition for relief under Chapter 7 of Title 11, United States Code.

2. The defendant is the United States Department of Veteran Affairs ("VA").

3. This Court has jurisdiction over the parties to and the subject matter of this action.

4. The defendant is a creditor of the plaintiff. Defendant's claim arose as the result of its honoring a VA Loan guarantee to the Nevada Housing Division and making payment on same after plaintiff's default.

5. The defendant received no actual nor constructive knowledge of plaintiff's bankruptcy proceeding until after plaintiff's debts were discharged and the case was closed.

6. Plaintiff filed his Petition for relief under Chapter 7 of the Bankruptcy Code on June 16, 1989. Among the debts listed on plaintiff's schedule A–3 was Corstan Mortgage, Inc., the servicing agent for the Nevada Housing Division.

7. The defendant was not listed as a creditor in the original schedules. The defendant was first listed as a creditor on February 21, 1991, after the case was reopened by motion and order.

8. On June 16, 1989, the Court entered an Order and Notice of Chapter 7 Bankruptcy Filing, Meeting of Creditors, and

Fixing of Dates. No date was set for a filing of Proofs of Claims at that time or at anytime subsequently.

9. On July 25, 1989, the trustee filed his Final Report and Account of Trustee in Case Where No Distribution is Made.

10. On October 7, 1989, the Court entered an order granting debtor's discharge.

11. On January 26, 1990, the Court entered an Order Approving Trustee's Report of No Distribution and Closing Estate.

12. Photocopies of documents may be used as evidence in lieu of certified copies.

### Conclusions of Law

The controlling Bankruptcy Code provision, 11 U.S.C. § 523(a)(3), provides in relevant part:

(a) A discharge under ... this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed in time to permit—

> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

The debt at issue in this proceeding is based on defendant's guarantee of a home mortgage loan. Nothing in the record indicates that the debt is of a kind specified in § 523(a)(2), (4), or (6). Consequently, the dischargeability of the debt is governed by 523(a)(3)(A).

Under that section, a debt will only be excepted from discharge if it is not listed or scheduled in time to permit the creditor to file a timely proof of claim and such creditor had no notice or actual knowledge of the case. Each of the two elements must be met.

In *In re Stover*, 98 B.R. 586 (M.D.Fla. 1989), the Court addressed the application of § 523(a)(3)(A) with regards to a debt premised upon a breach of contract. The cause of action arose prior to the filing of the bankruptcy petition, but the breach of contract suit was not filed until after the case was closed. The case had been a no-asset case and no deadline for filing proofs of claims had been established. Debtor reopened the case to add the state court plaintiff to the schedules and a complaint to determine the dischargeability of the debt was filed. Because the time for filing a claim was technically still open and the claim was not of the kind set forth in § 523(a)(2), (4), or (6), the Court held that the non-scheduled debt had been discharged. *Id.* at 589. However, the Court also indicated that it would not be powerless to prevent fraudulent conduct, such as a willful and knowing omission from the schedules. *Id.*

In the case at bar, it is undisputed that defendant had no notice and no actual knowledge of the case prior to the reopening of the case and the amending of the schedules by plaintiff. Thus, one of the two elements has been satisfied.

This bankruptcy case was initially noticed to the creditors as a no asset case in which no proof of claim needed to be filed until noticed otherwise. Consequently, the time for filing a claim was technically still open when plaintiff amended his schedules and added defendant as a creditor. Accordingly, defendant was scheduled as a creditor in time to permit timely filing of a proof of claim and § 523(a)(3)(A) does not work to except this debt from plaintiff's discharge.

In addition, the evidence does not demonstrate that the omission of defendant from the original schedules was done willfully or with fraudulent intent. The Eleventh Cir-

**102**

cuit has stated that in a no asset case, § 523(a)(3) does not deny a discharge to one who failed to schedule a creditor due to an honest mistake, as opposed to fraud or an intentional design. *In re Baitcher*, 781 F.2d 1529, 1534 (11th Cir.1986). The omission appearing to be more of an honest mistake than a fraudulent design, the debt owed to defendant shall be discharged.

A separate Final Judgment in favor of plaintiff will be entered.