**In re Roger M. HAENDIGES, Debtor.**

**John F. CONNOLLY and Anne M. Connolly, Plaintiffs,**

**v.**

**Roger M. HAENDIGES, Defendant.**

**Bankruptcy No. 89–3469–BKC–6P7. Adv. No. 92–347.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Sept. 28, 1993.

Gus Benitez, Orlando, FL, for plaintiffs.

Raymond Rotella, Orlando, FL, for defendant.

*FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon (1) defendant's motion to quash service of process or in the alternative to

dismiss for failure to prosecute in accordance with Court order as to preparation, service and return of process and establishing motion hearing procedure; (2) defendant's motion to dismiss for failure to timely file complaint seeking exception to discharge prior to bar date; and (3) motion for sanctions. Hearings were held on April 16, 1993, and June 18, 1993, and upon the evidence presented the Court enters the following findings of fact and conclusions of law:

## Findings of Fact

Defendant filed a petition under chapter 11 on October 9, 1989, and the case was converted to chapter 7 on September 7, 1991. Defendant received a discharge on June 30, 1992.

Plaintiffs bought homestead property from defendant after the filing of the case which sale was approved by the Court on August 10, 1990. Plaintiffs discovered defects in the property that they suggest defendant had knowledge of prior to the sale and had fraudulently concealed.

Plaintiffs, through counsel, Charles W. Sell ("Sell") moved for relief from the automatic stay to pursue an action in state court against defendant on the claims arising from the sale of the homestead property. A preliminary hearing was held on plaintiffs' motion. Plaintiffs did not appear and the motion was denied for failure to prosecute. Plaintiffs then moved the Court for a rehearing of the motion for relief on the ground that neither counsel nor plaintiffs received notice of the preliminary hearing. The Court scheduled the rehearing for January 2, 1992. Plaintiffs then withdrew their motion, and an Order on the withdrawal was entered on January 23, 1991.

On June 7, 1991, Sell wrote the Clerk of Court requesting that he be removed from the mailing matrix for this case because plaintiffs "no longer wish[ed] to pursue their claim...." On September 30, 1991, Sell again requested to be removed from the mailing matrix.

Motions to allow debtor to modify the plan of reorganization and to continue the confirmation hearing were denied. By Order dated September 16, 1991, the defendant's case was converted to chapter 7.

Pursuant to Bankruptcy Rule 1019(2) the first meeting of creditors in the chapter 7 case was scheduled for October 11, 1991, and the last day for filing complaints objecting to or seeking exception from discharge was set for December 10, 1991. The notice scheduling the § 341 meeting and setting the bar dates was dated September 17, 1991.

Sell testified that he did not receive the September 16, 1991, notice of conversion from chapter 11 to chapter 7 or the September 17, 1991, notice of the new bar dates. Sell requested that the Clerk delete his firm from the mailing matrix after the date of the conversion order. However, Sell did receive notice of defendant's discharge on June 30, 1992. Sell sent a copy of the discharge to plaintiffs.

Defendant did not include plaintiffs in the list of creditors filed in his chapter 7 case as required by Bankruptcy Rule 1019.

After receiving notice of defendant's discharge from Sell, plaintiffs retained their present counsel, and on August 18, 1992, filed a complaint in state court charging fraud in the sale of the homestead.

Defendant amended his list of creditors after plaintiffs filed suit in the state court. Without holding a hearing, this Court scheduled a new bar date for filing complaints to object to or except from discharge for December 23, 1992. Plaintiffs filed this adversary proceeding to except their claims for fraudulent concealment in the homestead sale from defendant's discharge on December 23, 1992.

## Conclusions of Law

At the June 18, 1993, hearing defendant withdrew all motions except the motion to dismiss for failure to timely file complaint. The Court will only address that motion and will deny the motion to quash service, motion to dismiss for failure to prosecute in accordance with Court order, and motion

for sanctions because they were withdrawn.

### Motion to Dismiss

The Code provides that debts arising from fraudulent or malicious conduct are discharged unless, after a hearing, the Court determines that the debt should be excepted from discharge. 11 U.S.C. § 523(c). A narrow exception to this rule is contained in § 523(a)(3)(B). The section states in relevant part:

(a) A discharge under section 727, 1141, ... of this title does not discharge any individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request

(c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be of subsection (a) of this section

Bankruptcy Rule 4007(c) provides time limitations for filing complaints to except a debt from discharge pursuant to § 523(c). Rule 4007(c) states in relevant part:

(c) TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION, CHAPTER 11 REORGANIZATION, ...; NOTICE OF TIME FIXED. A complaint to determine the dischargeability of any debt pursuant to

§ 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Plaintiffs argue that because they did not receive notice of the conversion of defendant's case they did not have notice or actual knowledge of the proceeding. They additionally state that defendant caused plaintiffs' failure to receive notice of the bar date by failing to list plaintiffs as creditors in his schedules, and, therefore, defendant should be estopped from asserting the untimely filing of their complaint. Plaintiffs also argue that their failure to receive notice violates due process. Finally, plaintiffs suggest that the clerk of court did not fulfill his duty pursuant to Rule 4007(c) because plaintiffs did not receive the notice mandated by Rule 4007(c).

██ Implicit within plaintiffs' argument, that they were without knowledge, is the assertion that their undisputed knowledge of the chapter 11 case is not knowledge contemplated by § 523(a)(3)(B). The effect of conversion is addressed in § 348 which states in pertinent part:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but except as provided in (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case or the order for relief.

Section 348 makes clear that the commencement of the case is unaffected by conversion to another chapter. All that transpired in the previous chapter is not undone by converting to a new chapter. *In re State Airlines, Inc.*, 873 F.2d 264 (11th Cir.1989). The case is continued under the

new chapter; it is not a new case. Because § 348 does not effect the commencement or continuation of the case, knowledge of the case in chapter 11 is knowledge within the terms of § 523(a)(3)(B).

The Eleventh Circuit places a heavy burden on creditors to determine the bar date for filing complaints. *In re Alton*, 837 F.2d 457 (11th Cir.1987)[1]. In *Alton*, debtor did not list plaintiff as a creditor, but did send plaintiff notice of the bankruptcy filing. The plaintiff did not receive notice of the bar date until after it had passed. The Court held that the language of § 523(a)(3)(B) "clearly contemplates that mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action whether or not that creditor received official notice from the court of various pertinent dates." The Court said "the time specifications set out in the Bankruptcy code are sufficiently clear to have placed an obligation on creditor Byrd to follow the case and to take the timely action necessary to pursue his claim." This Court does not find that conversion of a case from one chapter to another changes plaintiffs' duty to inquire.

In *Alton*, the plaintiff made the same estoppel argument that plaintiffs advance and the Eleventh Circuit rejected it. The Court held that

> "[i]t is true that there are some disturbing aspects to this case. We are particularly troubled that debtor Alton did not include appellant Byrd on the list of creditors.... Thus, debtor, Alton, by his own actions, first deprived creditor Byrd of official notice at various stages of the proceedings pursuant to the Bankruptcy code by omitting Byrd from the creditor list; and Alton then put Byrd on actual notice that a proceeding was pending...."

However, the Court concluded that the creditor had a duty to discover the bar dates notwithstanding the "misleading actions, inadvertent or intentional of debtor...." *Id.* at 459. Thus plaintiffs are required to monitor the progress of the case to protect their ability to object to or except from discharge.

Plaintiffs failed to file a complaint during the initial period set for filing complaints in the chapter 11 stage of the case as set out in Rule 4004. Then, after the conversion, plaintiffs did not determine the bar dates and failed to file their complaint, and now plaintiffs seek a third opportunity in which to file their complaint. Contrary to plaintiffs' contention that they did not receive notice of the case with sufficient time to file their complaint, the Court finds, that plaintiffs have had ample time to act during both the chapter 11 phase and the chapter 7 phase of the case.

In addition, plaintiffs voluntarily abandoned their prosecution of their relief from stay motion and the pursuit of their claims against defendant. Thus plaintiffs voluntarily chose to forego timely action against defendant. In addition, plaintiffs' former attorney notified the Court that plaintiffs no longer wished to pursue their claims against defendant and made two requests to be removed from the mailing matrix. In so doing, plaintiffs abandoned the least onerous method of staying informed and of monitoring the status of the case. Thus, plaintiffs' argument that their failure to timely file a complaint resulted from their lack of notice of defendant's chapter 7 case is not persuasive in light of their failure to pursue their claims and to monitor the case.[2]

The Eleventh Circuit also found in *Alton*, that actual notice of the case was "notice adequate to apprise [him] of the pendency of the action and afford [him] an opportunity to present his objections." 837 F.2d 457, 461, quoting *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

---

**1.** Plaintiff cites the Eleventh Circuit case of *In re Spring Valley Farms, Inc.*, 863 F.2d 832 (11th Cir.1989) for the proposition that plaintiff must receive actual notice of the bar date. *Spring Valley* does not apply to this case because it is expressly limited to corporate debtors and defendant is an individual. *Id.* at 834.

**2.** Plaintiffs did not file a claim during defendant's chapter 11 case so the question of excusable neglect under rule 9006 is not applicable. *See, Pioneer Investment Services Company, v. Brunswick Associates Ltd. Partnership,* — U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

Similarly, the Fifth Circuit held in a case that is very similar to this case, that plaintiff's actual notice was sufficient to satisfy due process. *In the Matter of Sam*, 894 F.2d 778 (5th Cir.1990). In *Sam*, as in this case, defendants filed a chapter 11 case that was converted to chapter 7 after plaintiff's claim arose. Like plaintiffs here, the plaintiff in *Sam* did not receive notice of the bar date until after it had passed but did have actual knowledge of the case. The Court found that when a creditor is aware of a case, the imposition of a duty to inquire to determine the date of the first meeting of creditors or the bar date is not so burdensome as to outweigh the need for expeditious administration of bankruptcy cases. *Id.* at 781. The Fifth Circuit also found that the notice provided plaintiff, of the case but not of the actual bar date, was not constitutionally deficient. In reaching this conclusion the court said "all constitutional due process requires in this case is that he have notice reasonably calculated, under all the circumstances, to apprise him of the pendency of the action and afford him an opportunity to present his objections." *Id.* at 781.

Plaintiffs had actual knowledge of the case which is sufficient to satisfy due process requirements. *In re Alton*, 837 F.2d 457 (11th Cir.1988); *In the Matter of Sam*, 894 F.2d 778 (5th Cir.1990).

Nor was the notice provided by the clerk insufficient under Rule 4007(c). The *Alton* court held that interpreting Rule 4007(c) to require formal notice to all creditors known and unknown would violate the language of 523(a)(3)(B), and that the Clerk had done all that 4007(c) requires, giving notice to the creditors on the mailing matrix. Thus the failure of a creditor to receive notice does not mean that the Clerk has not fulfilled its duty pursuant to 4007(c). Plaintiffs' failure to receive notice of the bar date does not violate 4007(c).

Plaintiffs cite numerous cases for the proposition that a Bankruptcy Court possesses and should utilize its equitable power to allow an untimely complaint when the court has issued notices with conflicting bar dates. *See, e.g., In re Anwiler*, 958 F.2d 925 (9th Cir.1992), *cert. denied*, —

U.S. ——, 113 S.Ct. 236, 121 L.Ed.2d 171 (1993); *In re Riso*, 48 B.R. 244 (Bankr. D.N.H.1986), *aff'd*, 57 B.R. 789 (D.N.H. 1986); *Matter of Hershkovitz*, 101 B.R. 816 (Bankr.N.D.Ga.1989); *In re Schwartz & Meyers*, 64 B.R. 948 (Bankr.S.D.N.Y.1986). The difference between the cases cited by plaintiffs and this case is justifiable reliance. In a case where the court has issued two notices with different dates or has failed to set a bar date after issuing a notice that the Court will give 30 days notice to creditors of the bar date, the creditor is justified in relying on specific information received. *See, e.g., In re Podzamsky*, 124 B.R. 612 (Bankr.M.D.Fla. 1991).

Here, plaintiffs did not receive information that misled them or that they were justified in relying on, rather plaintiffs merely failed to act. As the court in *Hershkovitz* said "where the clerk issues a second § 341 notice containing a new bar date ... and there is no reason for a creditor to question the second notice...." In contrast, this case had been ongoing for over two years. Plaintiffs had reason to question whether a bar date had been set, and if it so, the date.

### Conclusion

Plaintiffs' arguments are not consistent with the law of the Eleventh Circuit which places a duty of inquiry on creditors to inform themselves of the specific bar date when the creditor has actual knowledge of the case. Plaintiffs argue that defendant and the Office of the Clerk are responsible for their failure to timely file a complaint, however, plaintiffs must accept some responsibility for their failure to receive notice because they chose to withdraw their relief from stay motion and had their names taken from the mailing list. Because plaintiffs had actual knowledge, it was their duty to inform themselves of the bar date. This they failed to do and, consequently, defendant's motion to dismiss for failure to timely filed complaint should be granted.

A separate judgment consistent with these findings of fact and conclusions of law will be entered.

ORDER

Upon findings of fact and conclusions of law separately entered it is,

ORDERED

1. Defendant's Motion to Quash Service of Process or in the Alternative to Dismiss for Failure to Prosecute in Accordance with Court Order as to Preparation, Service and Return of Process and Establishing Motion Hearing Procedure dated December 28, 1992, having been withdrawn, is denied.

2. Defendant's Motion for Sanctions, having been withdrawn, is denied.

3. Defendant's Motion to Dismiss for Failure to Timely File Complaint Seeking Exception to Discharge Prior to Bar Date is granted.

4. This adversary proceeding is dismissed.