In re Janet Virginia RAINES, Debtor.

Janet Virginia RAINES, Plaintiff,

v.

Keith BROOKER and June C. Brooker, Defendants.

Bankruptcy No. 90–2184–BKC–3P7. Adv. No. 94–72.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 5, 1995.

John A. Sampson, Jacksonville, FL, for plaintiff.

Arnold H. Slott, Jacksonville, FL, for defendants.

Charles W. Grant, Trustee, Jacksonville, FL.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding came before the Court upon a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(3)(B). Upon the evidence presented at trial on January 10, 1995, the Court enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Plaintiff filed for relief under Chapter 13 of the Bankruptcy Code on June 5, 1990, and the original claims bar date was set for October 1, 1990.

2. On November 28, 1991, plaintiff executed a promissory note to the defendants for $7,000.

3. Plaintiff's case was converted to a Chapter 7 case on March 19, 1992, and a

second claims bar date was set for July 23, 1992.

4. On May 29, 1992, plaintiff amended her schedules pursuant to Fed.R.Bankr.P. 1019, but failed to list the defendants as creditors.

5. On July 24, 1992, plaintiff was discharged. The case was closed on November 12, 1992.

6. After plaintiff's discharge, defendants sought a judgment against plaintiff in Duval County Circuit Court.

7. On April 14, 1994, plaintiff's case was reopened to add defendants as creditors and to determine the dischargeability of the debt owed to defendants.

## CONCLUSIONS OF LAW

The Bankruptcy Code permits the discharge of debts incurred through fraudulent conduct unless the Court determines that those debts are excepted pursuant to 11 U.S.C. § 523. Under § 523(a)(3)(B), however, the Code stipulates the following exception:

(a) A discharge under section 727, 1141, 1228 ... of this title does not discharge an individual debtor from any debt—(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing.... 11 U.S.C. § 523(a)(3)(B).

 Thus, 11 U.S.C. § 523(a)(3)(B) prevents the discharge of debts fraudulently omitted from the schedules unless the creditor had notice or actual knowledge of the bankruptcy in time to file a claim.

Plaintiff failed to list defendants as creditors on her amended schedules. Therefore, the primary issues before the Court are 1) whether the omission was a fraudulent one or an honest mistake, and 2) whether defendants had sufficient knowledge of the bankruptcy case in time to file a claim.

### No Fraudulent Omission

 The Eleventh Circuit Court of Appeals has held that if an omission is due to an honest mistake, the unscheduled debt should be discharged. *In re Baitcher,* 781 F.2d 1529, 1534 (11th Cir.1986). *See also In re Garza,* 138 B.R. 100, 102 (Bankr.M.D.Fla. 1992). The debtor bears the burden of showing absence of fraud or intentional design. *In re Springer,* 127 B.R. 702 (Bankr.M.D.Fla. 1991).

It is difficult to find fraud from the evidence presented in this case. The plaintiff claims she instructed her attorney to add defendants as creditors to her schedules after conversion and that she assumed he had done so. Plaintiff continued to make payments on the promissory note even after her discharge was granted. When financially unable to continue, plaintiff stopped making payments to defendants. Plaintiff alleges that she did not learn of the omission of the debt owed to defendants until they filed suit to collect the unpaid balance. Plaintiff argues that to her knowledge the debt owed to defendants was scheduled and discharged and that her efforts to make payments after the discharge were based on a moral obligation, not a legal one.

The Court finds that plaintiff's failure to list defendants as creditors on her schedules was an honest mistake rather than a fraudulent omission.

### Defendants' Knowledge of Plaintiff's Bankruptcy Filing

 Even upon a finding that the debt owed to defendants was fraudulently omitted, the debt would be dischargeable under § 523(a)(3)(B) because the defendants had knowledge of the plaintiff's bankruptcy case in time to file a claim. Section 523(a)(3)(B) "is quite clear: the creditor must either have notice of the bankruptcy or have actual knowledge of the bankruptcy in time to permit timely filing of a proof of claim." *In re Springer,* 127 B.R. 702, 707 (Bankr.M.D.Fla. 1991). In this case, the defendants were not

**302**

listed as creditors and thus did not receive official notice of the plaintiff's bankruptcy case.

■ However, "[i]n the bankruptcy context, the Eleventh Circuit has held that actual knowledge of the case is sufficient to satisfy constitutional due process requirements." *Ford Business Forms, Inc. v. Sure Card, Inc.,* 180 B.R. 294 (S.D.Fla.1995). See also *In re Alton,* 837 F.2d 457 (11th Cir.1988). Section 523(a)(3)(B) "requires a creditor in a case involving an individual debtor to file a claim by the claims bar date if the creditor has actual knowledge of the case even if the creditor has not received formal notice of the claims bar date. Otherwise, the claim is discharged." *Ford Business Forms, Inc. v. Sure Card, Inc.,* 180 B.R. 294 (S.D.Fla.1995).

■ Thus, "mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who fails to file a claim before the bar date, whether or not that creditor received formal notice of the claims bar date." *Id. See also In re Haendiges,* 158 B.R. 871 (Bankr.M.D.Fla.1993).

In this case, the defendants admit knowledge of plaintiff's bankruptcy filing under Chapter 13. Section 348 of the Bankruptcy Code states:

> (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the Chapter to which the case is converted, but except as provided in (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case or the order for relief. 11 U.S.C. § 348.

This Court has construed § 348 and has held that "[s]ection 348 makes clear that the commencement of the case is unaffected by conversion to another chapter. All that transpired in the previous chapter is not undone by converting to a new chapter." *In re Haendiges,* 158 B.R. 871, 873 (Bankr. M.D.Fla.1993). Thus, in strict terms, the defendants also had actual knowledge of plaintiff's chapter 7 case.

The defendants had actual knowledge of plaintiff's bankruptcy case in time to file a claim. The defendants, however, failed to file a claim prior to the preconversion and the postconversion claims bar dates.

The Court finds that the debt owed to defendants is dischargeable under § 727 and will enter a judgment consistent with these findings of fact and conclusions of law.

### JUDGMENT

This case came before the Court upon a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(3)(B). Upon the evidence presented, it is

ORDERED:

1. Judgment is entered in favor of the plaintiff, Janet Virginia Raines, and against the defendants, Keith Brooker and June C. Brooker.

2. The debt owed to defendants is dischargeable pursuant to 11 U.S.C. § 727.