**In re Bertha Dean GREEN, Debtor.**

**Bertha Dean GREEN, Plaintiff,**

v.

**THE UNIVERSITY OF ALABAMA AT BIRMINGHAM, Defendant.**

Bankruptcy No. 96–02527–BGC–7.
Adversary No. 96–00437.

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

June 23, 1997.

---

Daisy Holder, Birmingham, AL, for Plaintiff.

McCollum Halcomb, Birmingham, AL, for Defendant.

### Memorandum Opinion on the Dischargeability of a Student Loan Debt

BENJAMIN COHEN, Bankruptcy Judge.

This matter came before the Court on a *Complaint to Determine Dischargeability of Debt* filed on October 11, 1996 by the Plaintiff–Debtor. After notice, a hearing was held on December 11, 1996. Daisy Holder, the attorney for the Plaintiff–Debtor, and Thomas Tutten, the attorney for the Defendant, appeared. The parties filed a *Joint Stipulation of Facts and Issues* on February 25, 1997.

### I. Findings of Fact

The Court adopts the facts proposed by the parties in their *Joint Stipulation of Facts and Issues.* That stipulation reads in part:

1. That Debtor, Bertha D. Green, obtained a National Direct Student Loan from the University of Alabama in Birmingham in 1986.

2. That the document attached hereto as Exhibit "A" is a copy of the Note executed by the Debtor.

3. That the Debtor's loan first went into repayment on September 16, 1989.

4. That the loan went into default for nonpayment.

5. That the Debtor filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Alabama, Southern Division, on April 12, 1996.

6. That the Debtor's Chapter 13 Petition was filed less than seven (7) years after the loan went into repayment status.

7. That the University of Alabama in Birmingham filed a proof of claim in the Chapter 13 case for the loan balance of $2,492.69.

8. That on September 20, 1996, the Debtor's Chapter 13 case was converted to a Chapter 7 plan.

9. That the case conversion occurred seven (7) years and four (4) days after the loan went into repayment status.

10. That the Debtor filed a Complaint pursuant to 11 U.S.C. § 523(a)(8)(A) to have the loan declared dischargeable.

11. That the Creditor, University of Alabama at Birmingham, filed an Answer denying that Debtor was entitled to the relief sought, and further, counterclaiming for the balance due on the loan.

In addition to these facts the Court finds:

A. The debtor did not, during the pendency of her Chapter 13 case, make any payments by way of her Chapter 13 plan, to be applied to her student loan.

B. During the five months of the debtor's Chapter 13 plan the debtor made all required Chapter 13 payments but filed her *Notice of Conversion* on September 20, 1996.

C. The debtor filed the pending complaint, and two other complaints to determine dischargeability, on October 11, 1996.

### II. Issues and Contentions

Subsections 523(a)(8)(A) and (B) of the Bankruptcy Code read:

(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title

does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

11 U.S.C. § 523(a)(8)(A).[1]

In support of her position that her debt to the defendant is dischargeable, the debtor contends that because the loan became due more than seven years from the date the instant case was *converted* from a Chapter 13 case to a Chapter 7 case (the case having been filed as a Chapter 13 case within the seven-year period) that the loan is now dischargeable because the seven-year exception has expired. In opposition, the defendant contends that the time consumed in the Chapter 13 prior to conversion should not be counted in calculating the seven-year period and thus neither the period nor subsection (A) has been satisfied and consequently the debt is not dischargeable. The question for this Court then becomes whether the seven-year dischargeable period of subsection (A) is measured from the date of the filing of the Chapter 13 petition or the date of conversion to Chapter 7.[2] For the reasons expressed

1. If a student loan is dischargeable, one of the above two subsection exceptions of section 523(a)(8) must be satisfied. In the pending matter however, the parties agree that if the contested loan is dischargeable, it is so only through subsection (A). They agree that subsection (B) does not apply.

2. This Court has considered whether the dischargeability provisions of section 523 are suspended or tolled during the pendency of a bankruptcy case, see *Turner v. United States (In re Turner)*, 195 B.R. 476 (Bankr.N.D.Ala.1996) (on appeal) and *Turner v. United States (In re Turner)*, 182 B.R. 317 (Bankr.N.D.Ala.1995) (on appeal), and held that for purposes of the three-year period relating to the dischargeability of taxes pursuant to section 523(a)(7), that this period was not, absent a showing that equitable reasons required a different result, suspended. That issue is not now before this Court and should not be confused with the issue that is. Suspension and tolling issues arise **only if a debtor files a new bankruptcy petition**. In the pending proceeding the debtor converted her Chapter 13 case to Chapter 7. The only issue before this Court is from which date, the date of the Chapter 13 filing or the date of conversion to Chapter 7, does a court calculated the seven-year, student loan, dischargeability repayment period of section 523(a)(8)(A).

On the other hand, had the debtor dismissed her Chapter 13 case and thereafter filed her Chapter 7 case, that tolling issue, and many others may have surfaced. This Court most certainly would have had to consider whether the debtor acted in good faith in dismissing one case and filing another where the question of dischargeability of a certain debt depended on the calculation of time from the "date of filing." In addition this Court probably would have considered whether the time the debtor maintained her Chapter 13 case would qualify as an "applicable suspension of the repayment period" for purposes of calculating the seven-year, student loan, dischargeability period of section 523(a)(8)(A); whether the promissory note the debtor signed on August 13, 1986, which specifically requires construction of the note's terms in accordance with United States Department of Education Regulations, requires this Court to apply those regulations to the pending matter; and whether the Department's Regulation 34 C.F.R. § 682.402(m)(5) that defines "applicable suspension of the repayment period," would apply, and if it does, whether the Regulation definition in effect at the time the debtor signed the note, the one in effect when the debtor became in default, or the one in effect when the debtor filed her two bankruptcy petitions, would apply.

Of course, these issues are not now before the Court, but should the debtor seek a dismissal of her Chapter 7 case, all of the above-mentioned issues could be relevant. If these events occur, this Court may be required to consider not only those issues but also whether the debtor was acting in good faith by proposing dismissal, if that dismissal were for the purpose of refiling after the expiration of the seven-year dischargeability period. That significant issue has been addressed by at least one court which found that dismissal for the purpose of refiling was not proper. See *Leach v. United States (In re Leach)*, 130 B.R. 855 (9th Cir.BAP1991). While this

below, the Court finds that the date of filing the Chapter 13 petition is the appropriate date.

### III. · Conclusions of Law

The motivation for the debtor's position is obvious. If the date the debtor filed her Chapter 13 case is the beginning point, there is no question that the student loan debt does not qualify for dischargeability status because the contested loan had not become due before more than seven years before that date. 11 U.S.C. § 523(a)(8)(A). Consequently, *if* the debt is dischargeable under the seven-year, student loan, dischargeability repayment period of section 523(a)(8)(A), it may be only if the date of conversion of the debtor's Chapter 13 case to one under Chapter 7 established a new filing date. That result, however, is one that many courts have rejected. A recent discussion in *Palladino v. United States (In re Palladino)*, A.P. No. 95–0081–BKC–PGH–A, 1995 WL 723107 (Bankr. S.D.Fla. Sept. 21, 1995) explains:

> Section 11 U.S.C. § 348, entitled "Effect of Conversion," governs the effect of the conversion of a case from one chapter of the Bankruptcy code to another chapter. According to the plain language of 11 U.S.C. § 348(a), arguably the date of filing the petition, the commencement of the case, or order for relief are unaffected by a debtor's subsequent conversion of a case, with some limited exceptions set forth in 11 U.S.C. § 348(b) and (c). In pertinent part, 11 U.S.C. § 348 states:
>
> > (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.
> >
> > (b) Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), 727(b), 728(a), 727(b), 1102(a), 1110(a)(1), 1121(b), 1121(c), 1141(d)(4), 1146(a), 1146(b), 1301(a), 1305(a), 1201(a), 1221, and 1228(a) of this title, the "order for relief under this chapter" to which a case has been converted under section 706, 1112, 1307, or 1208 of this title means the conversion of such case to such chapter.
>
> It is well established that the conversion of a Bankruptcy case does not change the filing date of the petition nor the commencement of the case, unless the exceptions listed in 11 U.S.C. § 348(b) and (c) are applicable. *British Aviation Insur. Co. Ltd. et al. v. Susan Menut et al. (In re State Airlines, Inc.)*, 873 F.2d 264, 268 (11th Cir.1989); *Irving E. Gennet v. Oriental Rug Agency, Inc. (In re Fla. Consumer's Furniture Warehouse, Inc.)*, 9 B.R. 7, 8–9 (Bankr.S.D.Fla.1981) (Judge T.C. Britton); *Fernando Magallanes v. Ardelle Williams (In re Fernando Magallanes)*, 96 B.R. 253, 254 (9th Cir. BAP 1988) citing *Glen A. Stinson et al. v. Clyde E. Williamson (In the Matter of Clyde Williamson)*, 804 F.2d 1355, 1359–62 (5th Cir.1986).

*Id.* at *2.[3]

This Court agrees. The conclusion that conversion does not establish a new filing

Court has not considered that exact issue, it has recognized that conversion of a case from Chapter 7 to Chapter 13 in order to discharge an otherwise nondischargeable debt, is not, in and of itself, bad faith. *In re Griggs*, 181 B.R. 111 (Bankr.N.D.Ala.1994). The instant case may however be distinguishable. See the discussion of the equitable considerations this Court considered in *Turner v. United States (In re Turner)*, 195 B.R. 476 (Bankr.N.D.Ala.1996) (on appeal).

**3.** Note 2 modifying the above citation of *British Aviation Ins. Co. v. Menut (In re State Airlines, Inc.)*, 873 F.2d 264, 268 (11th Cir.1989) reads:

According to the Eleventh Circuit Court of Appeals in *British Aviation*, "section 348(a) makes clear that a conversion ... does not affect a change in the date of the filing ..." The Court held that such a backdating provision, which results in applying the filing date of the petition as opposed to the subsequent date of conversion, is necessary. Furthermore, the Court held in footnote ten that "this is also the effect of Bankruptcy Rule 1019, which clarifies that the conversion does not undo everything that happened before." *Id.* at *5 n. 2. See also *Connolly v. Haendiges (In re Haendiges)*, 158 B.R. 871, 873–74, (Bankr. M.D.Fla.1993) ("Section 348 makes clear that the commencement of the case is unaffected by conversion to another chapter. All that tran-

date is inescapable.[4]  Consequently, this Court finds that the date the debtor filed her Chapter 13 petition, that is April 12, 1996, is the only "date of filing" for purposes of the "before more than 7 years" provision of section 523(a)(8)(A).  As such, the debtor's student loan did not first become due before more than seven years before that filing date and the debt created by the loan is therefore not dischargeable.  The subsequent conversion of the case to Chapter 7 had no effect on the filing date or the prohibition of the dischargeability of the debt caused by operation of the provisions of section 523(a)(8)(A).[5]

## IV.   Conclusion

For the above reasons the Court finds that the student loan due the defendant is not dischargeable in this case and that the relief prayed for by the debtor should be denied. A separate order will be entered in conformity with this Memorandum Opinion.

---

spired in the previous chapter is not undone by converting to a new chapter.  *In re State Airlines, Inc.*, 873 F.2d 264 (11th Cir.1989).  The case is continued under the new chapter;  it is not a new case.")

4.  This Court recognized in *In re Griggs*, 181 B.R. 111, 114 (Bankr.N.D.Ala.1994) that for purposes of determining whether a Chapter 7 debtor who seeks conversion to Chapter 13, qualifies for 11 U.S.C. § 109(g), Chapter 13 status, the filing date for purposes of such eligibility must relate only to the date of conversion to Chapter 13.  If this were not recognized, debtors would never have

the right to file and have considered Chapter 13 schedules and thus could not establish eligibility on the date of the filing of the petition.  This of course is distinguishable from the instant case where a specific point from which to calculate dischargeability is necessary as opposed to a general time frame for purposes of establishing debtor eligibility.

5.  The exceptions to subsection 348(a) found in subsections 348(b) and (c) do not apply to the matter before this Court.