**In re Richard G. COLLIS, I and Kimberly J. Collis, Debtors.**

**Bankruptcy No. 96–08354–6B7.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Nov. 12, 1997.

Frank Wolff, Orlando, Florida, for debtors.

### MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on Debtors', Richard G. and Kimberly J. Collis,

Motion to Reopen Case (Doc. 20). Appearing before the Court was Frank Wolff, attorney for Debtors. After reviewing the pleadings, evidence, exhibits, and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

The Debtors, Richard G. and Kimberly J. Collis ("Debtors") filed for relief under Chapter 7 of the United States Bankruptcy Code on December 18, 1996. 11 U.S.C. § 101 *et seq.* The time to file the schedules and statement of affairs was extended until January 16, 1997, at the Debtors' request. The Debtors listed only one creditor in Schedule F, Suntrust Bankcard ("Suntrust") in the amount of $4,500.00.

Mr. Collis was out of town for a significant period of time as a truck driver and Mrs. Collis assumed the responsibility to ensure that the Debtors filed their required schedules completely and accurately. Mrs. Collis went to California to care for an injured relative after the schedules were filed.

Mrs. Collis met with the Debtors' attorney when she returned to Florida. The Debtors' section 341 meeting of creditors was postponed three times at the Debtors' request. The meeting of creditors was convened on March 10, 1997. The Debtors were represented at the meeting of creditors by their attorney. Mrs. Collis was told by the Debtors' attorney their schedules needed to be amended. Mrs. Collis knew the Debtors had additional liabilities and amended schedules were required. No amendments were filed by the Debtors nor did they attempt to have their attorney submit a belated amendment. Suntrust was the only listed creditor because it was the only creditor contacting the Debtors. The twenty unscheduled creditors were not contacting the Debtors to collect their debts.

The Debtors were granted their discharge (Doc. 16) on April 8, 1997. The Trustee's Report of No Distribution and Closing Estate (Doc. 18) was entered on May 8, 1997. The Debtors filed a Motion to Reopen Case (Doc. 20) on June 30, 1997, for mistakenly omitting twenty unsecured creditors of approximately $30,000.00 in claims from their schedules.

### CONCLUSIONS OF LAW

The issue presented is whether the Debtors should be permitted to amend the schedules in their closed no-asset bankruptcy case to add twenty omitted creditors.

Section 350(b) of the United States Bankruptcy Code allows the Court to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *see also* Fed.R.Bankr.P. 5010. Reopening a case is within the sound discretion of the Court based upon the facts of each case, not to be set aside absent abuse of discretion, see *Rosinski v. Boyd (In re Rosinski),* 759 F.2d 539, 541 (6th Cir.1985) (citing *In re Jones,* 490 F.2d 452 (5th Cir.1974)); *In re Hawkins,* 727 F.2d 324, 326 (4th Cir. 1984).

Motions to reopen are liberally granted to accord a debtor's relief and further the policy of providing a debtor a fresh start in bankruptcy. *In re Rosinski,* 759 F.2d at 542. In exercising its discretion to reopen a case, the bankruptcy court should use its equitable powers. This broad discretion allows the Court to weigh the equitable factors in each case to determine whether the debtor failed to schedule the creditor intentionally or as part of a scheme to defraud a creditor. *In re Berry,* 190 B.R. 486, 489 (Bankr.S.D.Ga. 1995).

In a no-asset case, if the Debtor's failure to schedule a known debt is for reasons of honest mistake and not due to fraud or intentional design, the debt is still dischargeable. *Samuel v. Baitcher (In the Matter of Baitcher),* 781 F.2d 1529, 1534 (11th Cir.1986). *See also Raines v. Brooker (In re Raines),* 183 B.R. 299, 301 (Bankr. M.D.Fla.1995); *In re Garza,* 138 B.R. 100, 102 (Bankr.M.D.Fla.1992). The burden is on the debtor to demonstrate absence of fraud or intentional design. *In re Raines,* 183 B.R. at 301.

Intentional design is evidenced by a blatant disregard of a known duty. *In re Godley,* 62 B.R. 258, 261 (Bankr.E.D.Va.

1986). A debtor's knowledge of a creditor and its prepetition claim is evidence of an intentional omission and sufficient grounds to deny a debtor's motion to reopen case under 11 U.S.C. § 350(b). *In re Martinez*, 112 B.R. 46 (Bankr.M.D.Ga.1990).

The Debtors have failed to meet their burden in proving the absence of intentional design. Suntrust was the only listed creditor even though the Debtors knew about twenty unscheduled creditors. The Debtors knew of the existence of additional creditors during the pendency of their bankruptcy case and the liabilities they owed to each of them.

The meeting of creditors was postponed three times at the Debtors request after Mrs. Collis returned to Florida. The Debtors allowed the conclusion of the meeting of creditors, entry of the discharge and the closing of the case knowing of the inaccuracy in their schedules. The Debtors were repeatedly informed by competent counsel throughout their bankruptcy case to amend their schedules to list the omitted creditors.

The equitable powers of the bankruptcy court allow the reopening of a case where the facts establish that the omission was due to inadvertence or good faith mistake. For instance, a debtor was allowed to reopen when the failure to list a creditor was due to the debtor's mistaken belief that his medical bill had been covered by insurance. *Stark v. St. Mary's Hospital (In the Matter of Stark)*, 717 F.2d 322, 324 (7th Cir.1983); or inadvertent omission was established where a debtor's attorney was informed by the debtor of an additional creditor but the attorney failed to list such creditor. *In re Shannon*, 126 B.R. 900 (Bankr.S.D.Fla.1991).

The bankruptcy courts generally reserve its broad equitable powers to relieve a honest debtor from the financial hardship imposed by unscheduled debts. To grant a motion to reopen would be at odds with the requirements imposed by the Bankruptcy Code that all debtors file their schedules honestly and in good faith. In this case, the Debtors knew they submitted inaccurate schedules. Mrs. Collis attended the meeting of creditors failing to make their amendments and, despite being admonished on numerous occasions by their attorney, no action was taken prior to the closing of their estate. As the Debtors' schedules were not filed in good faith and they took no action to rectify their known omission, it would be inappropriate for the Court to use its equitable powers to correct the Debtors knowing omission of twenty creditors.

Based upon the foregoing, there does not exist a proper basis for reopening the case to permit the belated amendments to the Debtors' schedules pursuant to 11 U.S.C. § 350(b) and the dictates of *Baitcher*. Accordingly, the Motion to Reopen Case is due to be denied.

### ORDER

The Debtors', Richard G. and Kimberly J. Collis, Motion to Reopen Case, having been tried before the Court and in conformity with and pursuant to the Memorandum Opinion entered contemporaneously herewith, it is

**ORDERED, ADJUDGED and DECREED** that the Debtors' Motion to Reopen (Doc. 20) to amend their schedules to add twenty creditors is hereby **DENIED.**