F I L E D
United States Court of Appeals
Tenth Circuit

DEC 18 2001

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

THE DELTA WESTERN GROUP,
LLC,

     Plaintiff-Counter-Defendant-
     Appellant,

DANIEL B. McCAULEY; DONALD
E. LITTLE,

     Plaintiffs-Appellants,

v.

RUTH'S CHRIS STEAK HOUSES,

     Defendant-Appellee,

RUTH U. FERTEL, INC.,

     Defendant-Counter-Claimant-
     Appellee.

No. 00-4163
(District of Utah)
(D.C. No. 00-CV-45-C)

ORDER AND JUDGMENT[*]

Before **KELLY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **MURPHY**,
Circuit Judge.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this trademark infringement case arising under the Lanham Trademark Act of 1946 ("Lanham Act"), specifically 15 U.S.C. §§ 1114(1) and 1125(a), plaintiffs-appellants Delta Western Group, LLC, Daniel B. McCauley, and Donald E. Little (collectively "DWG") appeal an order from the United States District Court for the District of Utah granting a preliminary injunction in favor of defendants-appellees Ruth U. Fertel, Inc. and Ruth's Chris Steak Houses (collectively "RUFI"). Exercising appellate jurisdiction under 28 U.S.C. § 1292(a)(1), this court **affirms**.

At the time of the original complaint, DWG owned the U.S. Prime Steak House, a restaurant in Park City, Utah. RUFI is the owner of the Ruth's Chris Steak House chain. RUFI is also the owner of a registered service mark which features the words "U.S. Prime" in all-capital, block lettering tilted at an upward angle and surrounded by two concentric circles. DWG filed this suit challenging the validity of RUFI's "U.S. Prime" service mark. RUFI filed a counterclaim and a motion for injunctive relief, alleging that DWG's use of the name "U.S. Prime" in its restaurant and products infringed on RUFI's registered mark, in violation of the Lanham Act. The district court granted RUFI's motion to dismiss DWG's complaint for failure to state a claim upon which relief can be granted. Following a preliminary injunction hearing, the district court enjoined DWG from using the

mark "U.S. Prime" on its restaurant, products, advertisements, and other materials in an order filed on September 28, 2000.

On appeal, DWG makes several challenges to the district court's determinations of the validity of RUFI's registered mark and DWG's infringement. Specifically, DWG argues that the district court erred in (1) failing to consider whether RUFI's mark was generic; (2) concluding that RUFI's mark had acquired secondary meaning; (3) determining that there was a likelihood of confusion between DWG and RUFI's marks; and (4) failing to consider adequately DWG's defenses based on RUFI's disclaimer of a prior mark and RUFI's allegedly unclean hands.

This court reviews the grant of a preliminary injunction for abuse of discretion. *See Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1243 (10th Cir. 2001). A district court abuses its discretion if it "commits an error of law, or is clearly erroneous in its preliminary factual findings." *Id.* (quotation omitted). The district court's determination of the level of distinctiveness is a question of fact reviewed for clear error. *See Boston Beer Co. v. Slesar Bros. Brewing Co.*, 9 F.3d 175, 180 (1st Cir. 1993). A determination of whether a mark has acquired secondary meaning is also a question of fact reviewed for clear error. *See J.M. Huber Corp. v. Lowery Wellheads, Inc.*, 778 F.2d 1467, 1470 (10th Cir. 1985). In general, likelihood of

confusion is a question of fact subject to clear error review. *See Heartsprings, Inc. v. Heartspring, Inc*., 143 F.3d 550, 553 (10th Cir. 1998); *Beer Nuts, Inc. v. Clover Club Foods Co.*, 805 F.2d 920, 923 n.2 (10th Cir. 1986).

As a preliminary matter, this court denies DWG's motion to supplement the record on appeal with materials not before the district court at the preliminary injunction hearing. *See* Fed. R. App. P. 10(e) (authorizing modification of the record only to extent necessary to "truly disclose[] what occurred in the district court"); *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) ("This court will not consider material outside the record before the district court.").

Turning to the merits, DWG first contends that the district court erred by failing to determine the relative distinctiveness of the mark. In its order, the district court stated that "RUFI's U.S. Prime service mark seems to be either 'descriptive' or 'suggestive,' indicating some quality or ingredient of the goods." This court therefore finds no merit in DWG's argument.

As for DWG's arguments that the district court erred in concluding that RUFI's mark had acquired secondary meaning and that there existed a likelihood of confusion between DWG's and RUFI's marks, this court concludes that the district court's factual determinations on these issues were not clearly erroneous.

The district court did not explicitly address DWG's disclaimer defense in its order granting a preliminary injunction. Here, however, there are no disputed

facts underlying the disclaimer defense. Because remand to the district court would needlessly consume judicial resources, this court addresses the merits of the disclaimer defense. *See McCord v. Bailey*, 636 F.2d 606, 613 (D.C. Cir. 1980). A disclaimer of a federal registration disavows any exclusive right to use the disclaimed words except within the composite mark. *See Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1529 (4th Cir. 1984). DWG concedes that RUFI has not disclaimed the "U.S. Prime" mark RUFI seeks to enforce. Apparently, DWG relies on the disclaimer of one of RUFI's earlier registered marks. Disclaimer of a previous mark, however, does not affect the validity of a subsequent registration without a disclaimer if the disclaimed matter has become distinctive. *See* 15 U.S.C. § 1056(b) ("No disclaimer . . . shall prejudice or affect the applicant's or registrant's rights then existing or thereafter arising in the disclaimed matter, or his right of registration on another application if the disclaimed matter be or shall have become distinctive of his goods or services."). DWG does not present any argument to rebut the application of 15 U.S.C. § 1056(b) in this case. Accordingly, we find no merit to DWG's disclaimer defense.

Finally, this court concludes that the district court did not abuse its discretion in declining to address DWG's unclean hands defense. DWG's defense rests heavily on its claim that RUFI falsely advertised the grade of beef

allegedly depicted in a Ruth's Chris advertisement. This claim, however, is not substantiated in DWG's briefs or supported by the portions of the record cited. *See Gamble, Simmons & Co. v. Kerr-McGee Corp* ., 175 F.3d 762, 773 n.5 (10th Cir. 1999) ("In the absence of sufficient citation to record support for a party's allegations, we decline to search for the proverbial needle in a haystack.").

The United States District Court for the District of Utah did not abuse its discretion and its order granting a preliminary injunction is therefore **AFFIRMED** .

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge