**FILED**
**U.S. Bankruptcy Appellate Panel**
**of the Tenth Circuit**

**March 5, 2019**

**Blaine F. Bates**
**Clerk**

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE TENTH CIRCUIT**
_____

IN RE HOLLY MACINTYRE,

　　Debtor.
_____

HOLLY MACINTYRE,

　　Appellant,

v.

JP MORGAN CHASE BANK, N.A.,

　　Appellee.

BAP No. CO-18-085

Bankr. No. 10-32946
Chapter 7

OPINION*

_____

Appeal from the United States Bankruptcy Court
for the District of Colorado
_____

Submitted on the briefs.[1]

_____

Before **CORNISH**, **JACOBVITZ**, and **MOSIER**, Bankruptcy Judges.

_____

---

\* 　　This unpublished opinion may be cited for its persuasive value, but is not precedential, except under the doctrines of law of the case, claim preclusion, and issue preclusion. 10th Cir. BAP L.R. 8026-6.

[1] 　　After examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal, and therefore grants the parties' request for a decision on the briefs without oral argument. *See* Fed. R. Bankr. P. 8019(b). The case is therefore submitted without oral argument.

PER CURIAM.

Pro se Chapter 7 debtor Holly MacIntyre (the "Debtor") filed a *Motion to Reopen the Case to Determine Discharge Violation, Civil Contempt, and Damages L.B.R. 5010-1* (the "Motion to Reopen") on July 5, 2018, approximately seven and a half years after entry of her discharge in order to pursue claims against a secured creditor for violation of the discharge injunction.[2] After determining that, under the circumstances, it would not be appropriate to grant any relief to the Debtor even if the case were reopened, the bankruptcy court denied the Motion to Reopen. Because the record before the bankruptcy court was insufficient to support that determination, we REVERSE and REMAND for further proceedings consistent with this opinion.

## I.    Facts

The Debtor filed a voluntary Chapter 7 petition on September 9, 2010. On the petition date, the Debtor resided at 13025 West 63rd Place, Unit E, Arvada, Colorado (the "Residence"). The bankruptcy court entered a *Discharge of Debtor* on January 6, 2011, and the Chapter 7 case closed on February 23, 2011.

The Motion to Reopen included a recitation of the following alleged facts:[3] J.P. Morgan Chase Bank, N.A. ("Chase") held first and second deeds of trust secured by the

---

[2]    All future references to "Code," "Section," and "§" are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise indicated.

[3]    We are reciting facts as alleged by the Debtor in the Motion to Reopen without expressing any view regarding whether any of the alleged facts are true. When the bankruptcy court denied the Motion to Reopen the only facts before the court were those

2

Residence. Chase foreclosed its liens against the Residence and obtained an *in rem* foreclosure judgment on December 16, 2014. The Debtor appealed the foreclosure judgment to the Colorado Court of Appeals. The Debtor unsuccessfully sought a stay pending appeal, which Chase had opposed. Absent a stay pending appeal, the Residence sold at foreclosure auction on January 21, 2016. The Debtor's appeal of the foreclosure judgment continued in state court after the sale.

In its answer brief on appeal to the Colorado Court of Appeals filed on October 27, 2015, Chase made a pre-foreclosure sale request to obtain a post-sale award of attorneys' fees for defending the appeal, pursuant to the terms of a promissory note and deed of trust, in violation of the bankruptcy court's discharge order. When Chase made the request for attorneys' fees it was aware that the foreclosure sale would be held before any fee award could be added to Chase's foreclosure bid at a sale. The Colorado Court of Appeals affirmed the foreclosure judgment and on April 28, 2016 awarded Chase its attorneys' fees and costs incurred in the appeal. On January 4, 2017, the Colorado Court of Appeals remanded the case to the State District Court, County of Jefferson ("State District Court") to determine the amount of attorneys' fees and costs. On January 24, 2017, Chase notified the State District Court it would not seek the attorneys' fees and costs.[4]

---

alleged in the Motion to Reopen. Chase did not respond or object to the Motion to Reopen and the bankruptcy court denied the Motion without a hearing.

[4] Chase included multiple documents from the State District Court and Colorado Court of Appeals proceedings in its *Addendum*. BAP ECF No. 34. These documents were not before the bankruptcy court. Because we review the bankruptcy court's order for

In the Motion to Reopen, the Debtor also complains that the Colorado Court of Appeals affirmed the foreclosure judgment entered by the State District Court after the foreclosure sale, even though the appeal was moot, and that Chase refused to cooperate with the Debtor to recall the mandate and ask the Colorado Court of Appeals to vacate its decision.

## II. Procedural History

The Debtor filed her Motion to Reopen on July 5, 2018. In the Motion to Reopen, the Debtor alleged that Chase violated the § 524 discharge injunction by: (1) pursuing attorneys' fees and costs on appeal under its note and deed of trust even though the January 2016 foreclosure sale mooted the appeal; and (2) refusing to cooperate with the Debtor to obtain an order vacating the attorneys' fee award.[5] The Debtor asked the bankruptcy court to reopen her case so she could prosecute the alleged violation of the discharge injunction. In a reopened case, the Debtor intended to seek: (1) actual damages; (2) punitive damages; and (3) an order directing Chase's attorneys, among other things, to seek an order correcting the opinion of the Colorado Court of Appeals that included the award of attorneys' fees and costs.

---

abuse of discretion, we decline to consider as part of the record on appeal documents not before or relied upon by the bankruptcy court. *See Delta W. Grp., LLC v. Ruth's Chris Steak Houses*, 24 F. App'x 957, 959 (10th Cir. 2001) ("This court will not consider material outside the record before the district court.") (quoting *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000)).

[5]    Appellant's App. at 46.

The Debtor served the Motion to Reopen on counsel of record for Chase and Chase's general counsel at its corporate office. Chase did not respond to the Motion to Reopen. The bankruptcy court did not hold a hearing on the Motion to Reopen. The bankruptcy court entered its *Order Denying Motion to Reopen Case to Determine Discharge Violation, Civil Contempt, and Damages L.B.R. 5010-1* (the "Order Denying Motion to Reopen") on August 1, 2018.[6]

## III.    Jurisdiction and Standard of Review

"With the consent of the parties, this Court has jurisdiction to hear timely-filed appeals from 'final judgments, orders, and decrees' of bankruptcy courts within the Tenth Circuit."[7] An order denying a motion to reopen a Chapter 7 bankruptcy case is final for purposes of 28 U.S.C. § 158(a)(3).[8] Neither party in this case elected for these appeals to be heard by the United States District Court pursuant to 28 U.S.C. § 158(c). Accordingly, this Court has jurisdiction over this appeal.

---

[6]    Appellant's App. at 55.

[7]    *Straight v. Wyo. Dep't of Trans. (In re Straight)*, 248 B.R. 403, 409 (10th Cir. BAP 2000) (first quoting 28 U.S.C. § 158(a)(1), and then citing 28 U.S.C. § 158(b)(1), (c)(1) and Fed. R. Bankr. P. 8002).

[8]    *In re Razuddin*, 363 B.R. 177, 182 (10th Cir. BAP 2007) (citing *In re Schicke*, 290 B.R. 792, 798 (10th Cir. BAP 2003), *aff'd*, No. 03-3114, 2004 WL 790295 (10th Cir. Apr. 14, 2004)).

An order denying a motion to reopen a bankruptcy case is reviewed for abuse of discretion.[9] Applying the abuse of discretion standard, "'a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'"[10] Abuse of discretion occurs when a trial court "makes an 'arbitrary, capricious or whimsical,' or 'manifestly unreasonable judgment.'"[11] A trial court abuses its discretion when it "fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based."[12]

## IV.    Analysis

The issue on appeal is whether the bankruptcy court erred by denying the Debtor's motion to reopen her Chapter 7 bankruptcy case to enable her to seek relief from an alleged violation of the discharge injunction. Bankruptcy Code § 350(b) provides "[a] case may be reopened . . . to administer assets, to accord relief to the debtor, or for other cause."[13] Federal Rule of Bankruptcy Procedure 5010 states "[a] case may be reopened

---

[9]    *In re Woods*, 173 F.3d 770, 778 (10th Cir. 1999) (first citing *In re Alpex Comput. Corp.*, 71 F.3d 353, 356 (10th Cir. 1995), then citing *In re Bianucci*, 4 F.3d 526, 528 (7th Cir. 1993)).

[10]    *In re Arenas*, 535 B.R. 845, 849 (10th Cir. BAP 2015) (quoting *Moothart v. Bell*, 21 F.2d 1499, 1504 (10th Cir. 1994)).

[11]    *Id.* (quoting *Moothart v. Bell*, 21 F.2d at 1504-05).

[12]    *Jackson v. Los Lunas Cmty. Program*, 880 F.3d 1176, 1191 (10th Cir. 2018) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

[13]    11 U.S.C. § 350(b).

on motion of the debtor or other party in interest pursuant to § 350(b)."[14] "The 'phrase "or for other cause" is a broad term which gives the bankruptcy court discretion to reopen a closed case or proceeding when cause for such reopening has been shown.'"[15]

The party moving to reopen a bankruptcy case has the burden of proof.[16] A motion to reopen should be liberally granted.[17] The decision whether to reopen "should emphasize substance over technical considerations."[18] Reopening a closed bankruptcy case is a ministerial act that does not grant any substantive relief.[19]

In deciding whether to reopen a case to allow a debtor to seek sanctions for an alleged violation of the discharge injunction, the bankruptcy court may deny the motion if: (1) it is clear at the outset that reopening the case could not afford the movant any

---

[14]    Fed. R. Bankr. P. 5010.

[15]    *Williams v. Lemmons*, No. 92-4015, 1992 WL 289885, at *2 (10th Cir. Oct. 8, 1992) (quoting *In re Case*, 937 F.2d 1014, 1018 (5th Cir. 1991)).

[16]    *In re Eastep*, 562 B.R. 783, 787 (W.D. Okla. 2017 (citing *In re Cloninger III*, 209 B.R. 125, 126 (Bankr. E.D. Ark. 1997)).

[17]    *In re Covelli*, 550 B.R. 256, 263 (Bankr. S.D.N.Y. 2016) (quoting *In re Potes*, 336 B.R. 731, 732 (Bankr. E.D. Va. 2005)); *In re Collis*, 223 B.R. 814, 815 (Bankr. M.D. Fla. 1997) ("Motions to reopen are liberally granted to accord a debtor's relief . . . .") (citing *In re Rosinski*, 759 F.2d 539, 542 (6th Cir. 1985)).

[18]    *In re Flores*, No. 00-69, 2001 WL 543677 at *2 (10th Cir. BAP May 21, 2001).

[19]    *In re Petroleum Prod. Mgmt., Inc.*, 282 B.R. 9, 14 (10th Cir. BAP 2002) (citing *In re Woods*, 173 F.3d 770, 777 (10th Cir. 1999)).

7

relief such that reopening would be futile and a waste of judicial resources;[20] or (2) the debtor has unduly delayed filing the motion to reopen to the prejudice of the creditor.[21] The bankruptcy court may also be guided by other equitable considerations, such as whether the debtor has acted in bad faith or engaged in other inequitable conduct.[22] But the bankruptcy court ordinarily should not require the movant to prove the matter for which reopening is sought twice, once to reopen the case and then again at the hearing on the merits.[23]

In the matter before us, the bankruptcy court premised its denial of the Motion to Reopen to determine whether a violation of the discharge injunction occurred on four considerations. We will address each consideration in turn.

First, the bankruptcy court considered whether reopening the case provided a benefit to creditors. While this may be relevant to whether a case should be reopened for

---

[20] *In re Schicke*, 290 B.R. 792, 798 (10th Cir. BAP 2003) (explaining bankruptcy court that denies reopening a case "will not abuse its discretion if it cannot afford the moving party any relief in the reopened case."). *See also* cases cited *infra* note 29.

[21] *In re Parker*, 264 B.R. 685, 692 (10th Cir. BAP 2001), *aff'd,* 313 F.3d 1267 (10th Cir. 2002) ("[B]ankruptcy courts have found that when an unreasonable delay has prejudiced the party opposing reopening, laches is a valid reason to deny motions to reopen."); *In re McCoy*, 560 B.R. 684, 688 (6th Cir. BAP 2016) ("[T]he appropriate inquiry is 'whether the delay associated with the reopening of the case is accompanied by a demonstration of prejudice to the creditor as a result of the debtor's conduct.'") (citing *In re Tarkington*, 301 B.R. 502, 506 (Bankr. E.D. Tenn. 2003).

[22] *In re Arana*, 456 B.R. 161, 165 (Bankr. E.D.N.Y. 2011) (applying this consideration where a debtor sought to reopen a case to schedule an omitted asset).

[23] *In re Covelli*, 550 B.R. at 263 (quoting *In re Potes*, 336 B.R. 731, 732 (Bankr. E.D. Va. 2005)); *In re Jones*, 367 B.R. 564, 567 (Bankr. E.D. Va. 2007).

other reasons, it is not relevant to whether a case should be reopened to enable a debtor to seek redress for an alleged violation of the discharge injunction. Section 350(b) provides that "[a] case may be reopened . . . to accord relief to the debtor."[24] Issuing sanctions for violation of the discharge injunction accords relief to a debtor.[25] Where a debtor seeks to reopen a case to seek redress for a creditor's violation of the discharge injunction, relief should not be denied because no creditor would benefit from the reopening the case.[26] If a bankruptcy case should be reopened only when creditors would benefit from the reopening, then no bankruptcy case would ever be reopened to allow a debtor to pursue a remedy for an alleged discharge injunction violation.

Second, the bankruptcy court faulted the Debtor for filing the Motion to Reopen almost seven and a half years after the case was closed to seek recovery for a discharge violation that allegedly occurred "in litigation she initiated nearly four years after the bankruptcy case was closed."[27] In assessing a debtor's delay in filing a motion to reopen to seek relief for violating the discharge injunction the bankruptcy court should consider

---

[24]     11 U.S.C. § 350(b).

[25]     *See Paul v. Iglehart (In re Paul)*, 534 F.3d 1303, 1304 (10th Cir. 2008) ("11 U.S.C. § 524(a)(2) [ ] bars efforts to collect personal debts from debtors after they have been discharged in bankruptcy.").

[26]     *In re Covelli*, 550 B.R. at 263 (citing *McKenzie-Gilyard v. HSBC Bank Nev., N.A. (In re McKenzie-Gilyard)*, 388 B.R. 474, 478 (Bankr.E.D.N.Y.2007)); *see In re Slater*, 573 B.R. 247, 253 (Bankr. D. Utah 2017) (reopening case to allow debtor to seek sanctions for discharge violation).

[27]     Order Denying Motion to Reopen at 2, *in* Appellant's App. at 56.

the time between the alleged violation of the discharge injunction and the filing of the motion, not how long the alleged violation occurred after the case was closed. Moreover,

> [b]ecause there are no statutory time limits on reopening a case . . . , "courts have dealt with such motions in different ways. The leading approach is permissive but incorporates an equitable defense akin to laches, so that a debtor may reopen the bankruptcy case at any time . . . absent a finding of prejudice to the creditor."[28]

Therefore, while a bankruptcy court may consider the passage of time, "the '[p]assage of time *alone . . .* does not *necessarily* constitute prejudice to a creditor sufficient to bar the reopening of a case.'"[29] Here, Chase did not respond to the Motion to Reopen. The bankruptcy court focused on the time between when the case was closed and the filing of the Motion to Reopen instead of the time between the alleged discharge injunction violation and the filing of the Motion to Reopen, and it made no findings of prejudice to creditors.

Third, the bankruptcy court observed that although the Debtor alleged the Colorado Court of Appeals awarded attorneys' fees under a prepetition promissory note that was "not necessarily the case, as in certain instances, fees may be awarded as a result

---

[28] *Albuquerque Chem. Co. v. Arneson Prod., Inc.*, No. 98-2336, 1999 WL 1079600, at *2 (10th Cir. Nov. 30, 1999) (quoting *In re Bianucci*, 4 F.3d 526, 528 (7th Cir. 1993)); *In re Parker*, 264 B.R. 685, 692 (10th Cir. BAP 2001) (explaining the doctrine of laches may apply to an unreasonable delay in reopening where prejudice to creditor exists) (citing H.R. Rep. No. 95-595, at 338 (1977), *reprinted in* 1978 U.S.C.C.A.N. 59634, 6294).

[29] *In re McCoy*, 560 B.R. 684, 688 (6th Cir. BAP 2016) (quoting *In re Frasier*, 294 B.R. 362, 367 Bankr. D. Colo. 2003)); *see In re Bianucci*, 4 F.3d at 528 ("Passage of time in itself does not constitute prejudice. But delay may be prejudicial when it is combined with other factors.") (internal citations and quotations omitted).

of a party's post-discharge conduct in litigation."[30] Although that is true, there was no evidence before the bankruptcy court to support the possibility that attorneys' fees were awarded as a sanction as a result of postpetition conduct by the Debtor. The Debtor alleged otherwise in the Motion to Reopen. The bankruptcy court should not have speculated about a theoretical possibility in support of the denial of the unopposed Motion to Reopen.

Finally, the bankruptcy court determined that "[r]egardless, the award of fees is not being pursued, and no relief is appropriate under the circumstances."[31] Although the bankruptcy court did not call it as such, this is an application of the futility doctrine under which a court may deny a motion to reopen if it is clear at the outset that reopening the case could not afford the movant any relief. It is well established that a court may refuse to reopen a case when reopening could not afford the movant any relief and therefore would be a waste of judicial resources and an unnecessary expense for the litigants,[32]

---

[30]     Order Denying Motion to Reopen at 2, *in* Appellant's App. at 56.

[31]     *Id.*, *in* Appellant's App. at 56.

[32]     *E.g. Redmond v. Fifth Third Bank*, 624 F.3d 793, 803 (7th Cir. 2010) ("[A] closed bankruptcy proceeding should not be reopened where it appears that to do so would be futile and a waste of judicial resources."); *In re Kinion*, 207 F.3d 751, 757 (5th Cir. 2000) (reopening a case for an obviously futile purpose is an abuse for discretion); *In re Thompson*, 16 F.3d 576, 581-82 (4th Cir. 1994) (determining the bankruptcy court did not abuse its discretion by refusing to reopen a case for a reason that did not permit the court to afford relief in the reopened case); *In re Jester*, No. EO-15-002, 2015 WL 6389290, at *11 (10th Cir. BAP Oct. 22, 2015) ("If substantive relief cannot be granted, then reopening a case would be futile and a waste of judicial resources.") (citing *In re Carberry*, 186 B.R. 401, 402 (Bankr. E.D. Va. 1995), *aff'd,* 656 F. App'x 425 (10th Cir. 2016).

11

such as when the debtor alleges a violation of the discharge injunction by a creditor whose claim clearly was not discharged.[33]

In the Motion to Reopen the Debtor argued that the bankruptcy court could afford three types of relief in a reopened case: "first, actual damages; second, punitive damages; and third, an order to Chase's attorneys directing them to withdraw their request for appellate attorney's fees and costs, to inform the [Colorado] Court of Appeals of the illegality of that request, and to seek a correction of the court's Opinion."[34]

We conclude that the bankruptcy court abused its discretion by denying the Motion to Reopen without considering whether relief could be afforded to the Debtor in a reopened case in the form of punitive damages. If a creditor has attempted to collect a debt as a personal liability of the debtor after the debt has been discharged, a potentially sanctionable discharge violation has occurred regardless of whether the creditor continues to pursue collection of the debt.[35] While we express no opinion regarding whether any

---

[33] For example, in *In re Thompson,* 16 F.3d at 581-82, the Fourth Circuit affirmed the bankruptcy court's denial of a motion to reopen where the debtor sought to reopen the case to seek sanctions for violation of the discharge injunction based on a creditor's actions to collect a nondischargeable debt for unpaid court costs arising from a criminal conviction. *See also In re Jones*, 367 B.R. 564, 568 (Bankr. E.D. Va. 2007) ("a motion to reopen would typically only be denied if it were clear that the discharge injunction had not been violated, either because the debt in question was nondischargeable or because the action complained of would not have constituted a violation, or, if there had been a violation, it was minor or unintentional, and had been cured.").

[34] Motion to Reopen at 6, *in* Appellant's Appendix at 51.

[35] *See In re Schott*, 282 B.R. 1, 5 (10th Cir. BAP 2002) ("A creditor who attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the discharge order.").

award of punitive damages would be appropriate, the bankruptcy court erred by not considering that issue.

**V.      Conclusion**

Based on the record before it, the bankruptcy court abused its discretion in denying the unopposed Motion to Reopen without affording the Debtor an opportunity for a hearing. Accordingly, the bankruptcy court's denial of the Motion to Reopen is REVERSED and REMANDED for the bankruptcy court to conduct further proceedings consistent with this opinion.[36]

---

[36]    As such, the Debtor's *Motion to Strike JP Morgan Chase Bank's Response Brief* (BAP ECF No. 31) is DENIED as MOOT.